Green, J.,
delivered the opinion of the court.
It is contended by the defendants, and so the chancellor decided, that this deed vested the property conveyed by it absolutely in Andrew Hamilton, the husband of Elizabeth; and the first question for our consideration is, what is the true construction of this deed.
Whether this is an absolute gift, by which the right to the property is vested in the husband, or a gift to her separate use, whereby the marital right of the husband was excluded, must depend upon the intention of the donor, to be collected from the language he has employed. For if the father intended the property to be held as a separate estate, the court will carry that intention into effect. 2 Kent’s Com. 165; Clancy 251, 288; Elam vs. Morgan, 5 Yerger’s Rep. In order to vest the property to the separate use of the wife, it is not indispensable that technical language should be employed; it is enough if there are any expressions denoting an intention to exclude the husband, or which are incompatible with the idea, that the donor intended that the husband should exercise dominion over it. Clancy 262. A variety of expressions are enumerated by Mr. Clancy (pages 263, 268), which will be considered a sufficient expression of the intention. As, if the words used are, “to be at her disposal;” “for her own use;” or “that she shall enjoy and receive the rents and profits;” any of these expressions being deemed equivalent to the words, “sole and separate use.” The words used in this deed are, “to the use and bene *41 fit of the said Elizabeth and children, and to remain in the possession of said Elizabeth, for the use and support of said children forever. ” These words control and limit the meaning of the expressions before used: “I give to the said Elizabeth and the heirs of her body,” so as to point out the particular purpose for which the property was given, and in our view are equivalent to the words, “sole and separate use.” How can the'property he for “the use and benefit of the said Elizabeth and her children,” and to remain forever in her possession for that use, unless the marital right of her husband be excluded? From hence, therefore, we must infer, that the father intended such exclusion. In the case of Johnson vs. Thomson (4 Dess. 458), the court said, that although the deed was not explicit, yet as the intention might be inferred, that it was to be held for the separate use of the wife, it was sufficient. Such intention we think plainly inferrable from the language in the deed before us. It must be regarded, therefore, as a conveyance for the separate use of Elizabeth Hamilton and her children; Andrew Hamilton, the husband, taking no interest therein, and having no power to mortgage the slave for his debt.
2. The next question is, can a wife have a separate property in an estate which is conveyed to her directly, without the intervention of a trustee?
Chancellor Kent says (2 Kent’s Com. 162), “If property be settled to a married woman’s separate use, and no trustee be appointed, the husband will be considered as such, notwithstanding he was not a party to the instrument under which the wife claims.” Clancy, on the rights of married women (pages 15, 30), holds the same doctrine, and it may be considered now as settled beyond question, that it is not essential to the validity of a conveyance of property for the separate use of a wife, that a trustee be named in the deed, but that the husband will be constituted a trustee.
3. It is insisted, that this deed should have been regis *42 tered, and this not having been done, the deed is void. This question is settled upon authority that we may not now question. The supreme court of the United States, in the case of Pierce vs. Turner (5 Cranch), decided, upon the construction of the Virginia statute, which is similar to ours, that the act applies only to the creditors of the grantor. That case was followed by the court of appeals of Virginia, in the case of Land vs. Jeffries (5 Ran. Rep. 311); and the authority of these cases was held to be decisive of this question, by this court, in Morgan vs. Elam (5 Yer. Rep. 449. Therefore, the decree will be reversed, and a decree for the complainant.
Decree reversed.